David A. Stephens, Esq.
Nevada Bar No. 00902
STEPHENS LAW OFFICES
PO Box 33850
Las Vegas, Nevada 89133
Telephone: (702) 656-2355
Facsimile: (702) 656-2776
Email: dstephens@davidstephenslaw.com
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MAX HEALTH, INC., a Nevada corporation; | Case No. 2:24-cv-00633-CDS-BNW |
| Plaintiff, | |
| vs. | PROPOSED DISCOVERY PLAN/SCHEDULING ORDER |
| ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICES, INC., a foreign Corporation doing business as ANTHEM BLUE CROSS AND BLUE SHIELD; individuals, DOES I through X; and ROE ENTITIES XI through XX, inclusive, | SPECIAL SCHEDULING REVIEW REQUESTED |
| Defendants. | |

Plaintiff MAX HEALTH, INC., ("Plaintiff") and Defendant, ROCKY MOUNTAIN HOSPITAL AND MEDICAL SERVICE, INC. d/b/a ANTHEM BLUE CROSS AND BLUE SHIELD, ("Defendant"), hereby submit the following Joint Discovery Plan and Scheduling Order pursuant to LR 26(1), for which special scheduling review is requested, and state:

**I.  Meeting/Unilateral Discovery Plan**. Pursuant to Federal Rule of Civil Procedure 26(f) and LR 26-1(d), a conference was held on May 9, 2024, David A. Stephens, Esq. participated on behalf of Plaintiff, and Tammy Beatty Peterson, Esq., participated on behalf of Defendant.

II.   **Answer**. Defendant has not filed an Answer and Affirmative Defenses at this time. Defendant filed a Motion to Dismiss [ECF No. 7] which is pending decision from this Court.

III.  **Pre-Discovery Disclosure**. The parties have agreed to exchange their respective initial disclosures by May 23, 2024, pursuant to Fed. R. Civ. P. 26(a)(1); supplementations under Fed. R. Civ. P. 26(e) are due as required by the Rule.

IV.   **Discovery Schedule**. The parties jointly propose the following discovery schedule. Pursuant to Local Rule 25-1, the parties request special scheduling review of this proposed Joint Discovery Plan and Scheduling Order (the "Proposal") based on the following requested modifications:

   1.   The parties propose a discovery period of 270 days, which is 90 days longer than the presumptive 180-day period provided in Local Rule 26-1.

The additional discovery time requested reflects the parties' expectation that significant discovery will be needed because of the more than 1,800 individual health benefit claims implicated by Plaintiff's allegations against the Defendant.

The parties are considering whether to use statistical sampling to lessen the burden of discovery as well as to streamline other aspects of the case but have not come to an agreement on whether to use sampling or a specific protocol to use. If the parties decide to use sampling, they may request some modification of the schedule to incorporate deadlines consistent with that approach.

   A.   **Discovery Cut-off Date**

The parties have agreed that the deadline for completing discovery shall be February 4,

2025, which is 270 days after the date that the Meet and confer occurred, (May 9, 2024).

**B.     Expert Disclosures**

The parties propose that the disclosure of experts shall proceed according to Fed. R. Civ. P. 26(a)(2) as follows:

1. Expert Disclosures. The disclosure of experts and expert reports shall occur no later than December 6, 2024, which is sixty (60) days prior to the discovery cut-off date; and

2. Rebuttal Expert Disclosures. The disclosure of rebuttal experts and their reports shall occur no later than January 17, 2025 which is forty-two (42) days after the disclosure of experts.

**C.     Amending Pleadings and Adding Parties**

The Plaintiffs shall be allowed until November 6, 2024 to amend the pleadings, or to join additional parties. This is ninety (90) days before the discovery cut-off date. After November 6, 2024, the court will consider, *inter alia,* whether the granting of leave to amend or to add new parties would delay trial.

**D.     Dispositive Motions**

The parties shall have until March 6, 2025, to file dispositive motions. This is thirty (30) days after the discovery cut-off date, February 4, 2025

**E.     Pretrial Order**

The Joint Pretrial Order shall be filed on April 4, 2025 which is approximately thirty (30) days after the deadline for filing dispositive motions. In the event dispositive motions are filed, the date for filing the Joint Pretrial Order shall be suspended until thirty (30) days after the

decision of the dispositive motions or further order of Court.

F.     **Alternative Dispute Resolution**

In compliance with LR 26-1(b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute resolution processes, but no agreement has been reached.  The parties will continue to evaluate opportunities for alternative dispute resolution.

G.     **Interim Status Reports**

The parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).  The parties will proceed with a standard trial program as governed by the Federal Rules of Civil Procedure and the Local Rules of the Court.  On or before December 4, 2024, which is sixty (60) days before the discovery cut-off, the parties will file an interim status report, as required by LR 26-3, stating the time they estimate will be required for trial, giving 3 alternative available trial dates, and stating whether, in the opinion of the attorneys or pro se parties who will try the case, trial will be eliminated or its length affected by substantive motions.

V.     **STIPULATIONS**

The matter will likely lend itself to mediation, but the parties will reserve this device should there be greater fact and legal consensus than anticipated.

Pursuant to FRCP 26(f)(3), the following views and proposals of the parties set forth below:

A.     **Initial Disclosures**

The parties have not identified any changes that should be made in the form or requirement for disclosures under FRCP 26(a).  The parties have changed the timing of initial

disclosures pursuant to Rule 26(a)(1), proposing that such disclosures be made within thirty-six (36) days of the parties' scheduling conference.

**B.    Scope of Discovery**

Unless by subsequent agreement of the parties or leave of Court, the following will apply to the scope of discovery:

    i.    Each party shall be limited to 30 interrogatories (including subparts), 30 requests for admission, and 30 requests for production of documents.

    ii.    Maximum of four depositions by each side (*i.e.*, four by Defendant, and four depositions by Plaintiff), with each deposition limited to no more than seven hours unless extended by agreement of the parties or Court order. The party requesting the deposition shall be responsible for providing a court reporter, and an interpreter, if one is required. If an interpreter is necessary, and it becomes apparent to counsel that, because an interpreter is being used, a deposition is proceeding at a significantly slower pace than would be expected if there were not an interpreter, counsel for the parties shall agree to reasonably extend time limits for the deposition examination in order to compensate for the translation.

    iii.    Supplementations of document productions shall be made by all parties reasonably as they become aware that information previously disclosed is incomplete or incorrect, and in any event, not later than the end of the discovery period and again thirty (30) days before the beginning of the session of Court at which the case is set for trial, in conjunction with the

other disclosures required by Rule 26(a)(3).

**C.     Electronically Stored Information**

a.     Relevant information. At this point, the Parties are not aware of the full extent of relevant information that may be stored electronically. However, electronically stored information could conceivably include:

    i.     Documents and other records stored by Plaintiff on its business computers.

    ii.    Documents and other records stored by Defendant on its business computers.

    iii.   Electronic mail (including all electronic attachments) sent to and/or from the Defendant and Plaintiff during the relevant time period.

    iv.    Any electronically stored information including but not limited to text messages, photos, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof), and social networking communications, relating or pertaining to those areas identified in Paragraph 3, *supra*.

    v.     Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes.

b.     <u>Form of production/preservation</u>: The aforementioned discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable, with the following exceptions: electronic mail should

include attachments to the email and indicate whether and to whom the email was a reply or was forwarded. Upon request and if reasonably available, a party will make diligent efforts to produce any electronically-stored spreadsheet or database in its native format (e.g. Excel) rather than in a portable document file (.pdf) format; all electronically stored documents created by a word processing program are to be produced in the native format., if reasonably available, rather than in portable document file (.pdf) format.  To the extent any ESI is preserved only in printed form, such ESI may be produced in .pdf format. Electronically stored information may be produced via secure file transfer or CD-ROM/USB drive and the parties are under no obligations to provide printed paper copies unless the requesting party agrees to tender payment for such copies at an agreed-upon rate. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of any state or federal regulations or in violation of any party's obligations to preserve evidence) with respect to ESI or other records which have not been previously identified by the parties as relevant to this action.

      **D.**     **Additional Provisions Regarding Inadvertent Disclosure/Clawback**

The inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information and shall, within ten (10) calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for the recalled production. Upon receipt of the written request, the recipient party shall comply with the producing party's request

to cease review of the inadvertent production and return or destroy the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

The party recalling an inadvertent production shall pay costs of complying with its request, if any, including electronic discovery support staff and paralegal time, but not including attorney time.

### E. Court Conference

The parties request a pretrial conference be scheduled approximately two weeks before trial.

### F. Additional Orders

The parties reserve the right to move for a protective order with regard to any subject of discovery, particularly because this case involves medical records and personal health information of non-parties. Local Rule 26-4 governs modifications or extension of this

/ / /

/ / /

/ / /

/ / /

Discovery Plan and Scheduling Order. Any stipulation or motion to extend a deadline set forth herein must be made not later than twenty-one (21) days before the expiration of the subject deadline.

| Dated: May 16, 2024. | Dated: May 16, 2024 |
|---|---|
| PETERSON BAKER, PLLC | Stephens Law Offices |
| /s/ Tamara Beatty Peterson | /s/David A Stephens |
| TAMARA BEATTY PETERSON, ESQ. | David A. Stephens, Esq. |
| Bar No. 5218 | Nevada Bar No. 00902 |
| tpeterson@petersonbaker.com | Dstephens@davidstephenslaw.com |
| PETERSON BAKER, PLLC | Stephens Law Offices |
| 701 S. 7th Street | PO Box 33850 |
| Las Vegas, NV 89101 | Las Vegas, NV 89133 |
| Telephone: 702.786.1001 | Telephone: 702-656-2355 |
| Facsimile: 702.786.1002 | Facsimile: 702-656-2776 |
| *Attorneys for Defendant Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield* | *Attorneys for Max Health, Inc.* |

**ORDER**

IT IS SO ORDERED this   20   day of May, 2024.

_____
U.S. MAGISTRATE JUDGE