UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Max Health, Inc.,

    Plaintiff

v.

Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield,

    Defendant

Case No. 2:24-cv-00633-CDS-BNW

**Order Granting Defendant's Motion to Dismiss**

[ECF No. 7]

Plaintiff Max Health, Inc. brings this case against defendant Rocky Mountain Hospital and Medical Service, Inc. dba Anthem Blue Cross and Blue Shield (Anthem)[1] for claims of (1) breach of contract, (2) unjust enrichment, and (3) breach of the implied covenant of good faith and fair dealing. Compl., ECF No. 1-1. Anthem removed this action from the Eighth Judicial District Court for Clark County, Nevada on April 1, 2024. Pet. for removal, ECF No. 1. On April 8, 2024, Anthem filed its motion to dismiss. Mot. to dismiss, ECF No. 7. This motion is fully briefed. *See* Opp'n, ECF No. 10[2]; Reply, ECF No. 11. For the reasons herein, I grant Anthem's motion to dismiss.

---

[1] Anthem points out that it is incorrectly named as "Rocky Mountain Hospital and Medical Services, Inc." ECF No. 7 at 1. Max Health concedes that it incorrectly named Anthem. ECF No. 10 at 5. Because Max Health's complaint is dismissed without prejudice with leave to amend, if it chooses to file a first amended complaint, it can correctly name the defendant.

[2] Max Health's opposition includes a "countermotion to amend complaint." ECF No. 10 at 4. Local Rule IC 2-2(b) requires that "for each type of relief requested or purpose of the document, a separate document must be filed, and a separate event must be selected for that document." LR IC 2-2(b). Further, Local Rule 15-1(a) requires that a party seeking leave to amend attach the proposed amended pleading to the motion seeking leave to amend. Max Health's countermotion does not comply with the Local Rules and therefore I do not consider it.

## I. Background[3]

Max Health alleges that on or about February 5, 2015, it entered into a contract with Anthem whereby Anthem agreed to pay Max Health "for approved medical services for the insureds of [Anthem] and to whom medical services were provided by Plaintiff." ECF No. 1-1 at 3. Max Health claims that, per the contract, Max Health began to provide medical services to Anthem's insureds and Anthem paid for those services. *Id.* However, in or around April 2022, Anthem began denying and delaying payments to Max Health for medical services it provided under the contract. *Id.* Max Health says that it made "every effort to comply with the terms of the Contract and supply [Anthem] with the information it was requesting to process the insurance claims for payment." *Id.*

## II. Legal standard

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

---

[3] Unless otherwise noted, the court only cites to the plaintiff's complaint to provide context to this action, not to indicate a finding of fact.

2

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178 (1962).

### III. Discussion

Anthem moves to dismiss all three claims for failure to state a claim upon which relief can be granted. ECF No. 7 at 3. I address each claim in turn.

**A. Max Health's breach of contract claim must be dismissed.**

In its motion to dismiss, Anthem argues that Max Health has failed to allege a claim for breach of contract because its complaint "fails to allege what the contract required Anthem to do and what Anthem failed to do in breach of the contract." ECF No. 7 at 5. In response, Max Health argues that "the complaint essentially alleges that Max Health provided medical care to patients insured by Anthem, that Anthem agreed to pay Max Health for that medical care provided, and that Anthem failed to reimburse Max Health for the medical care so provided." ECF No. 10 at 3. According to Max Health, it pled its breach of claim contract properly because "Anthem has notice of the nature of the claims of Max Health sufficient to answer and conduct discovery." *Id.* In its reply, Anthem says that "failing to reimburse Max Health as Max Health expected to be reimbursed" is a conclusory allegation that cannot satisfy the Federal Rule of Civil Procedure 8 pleading standard. ECF No. 11 at 3–4.

I find that Max Health failed to properly plead a breach of contract claim because it did not adequately allege the nature or terms of the agreement. The complaint alleges that under the contract Anthem "agreed to pay Plaintiff for approved medical services for the insureds of

[Anthem]" and that Anthem breached the contract by "deny[ing] and delay[ing] payments to Plaintiff for medical services provided under the Contract." ECF No. 1-1 at 3. I cannot discern how the denial or delay of payment was a breach of the alleged agreement, as there is no indication as to what Anthem's obligations were thereunder. *See CASS, Inc. v. Prod. Pattern & Foundry Co.*, 2014 U.S. Dist. LEXIS 108985, at *10–11 (D. Nev. Aug. 6, 2014) (finding plaintiff failed to state a claim for breach of contract when it failed to explain defendant's obligations under the contract). Without more, Max Health's assertion that Anthem breached the contract because it delayed and denied payments is nothing more than a legal conclusion. *Patel v. Am. Nat'l Prop. & Cas. Co.*, 367 F. Supp. 3d 1186, 1192 (D. Nev. 2019). Accordingly, Max Health's breach of contract claim must be dismissed for failure to state a claim. Because I find that amendment would not be futile, Max Health's breach of contract claim is dismissed without prejudice and with leave to amend.

### B. Max Health's unjust enrichment claim must be dismissed.

Anthem next moves to dismiss Max Health's unjust enrichment claim because (1) Max Health cannot seek relief under a quasi-contract theory when it alleges that an express contract covers the parties' dispute and (2) Max Health fails to allege that it conferred any benefit on Anthem when it provided medical services, as opposed to its patients. ECF No. 7 at 5–6. In response, Max Health does not address the argument that it cannot seek relief for unjust enrichment where it alleges an express contract covers the parties' dispute, and instead argues that the complaint properly pleads that "Max Health conferred a benefit on Anthem by treating its insureds as patients, . . . Anthem knew of this benefit because Max Health sent Anthem written and electronic claim forms, and . . . it would be unjust to allow Anthem to not pay Max Health for its medical care of the Anthem insureds." ECF No. 10 at 4. In its reply, Anthem points out that Max Health did not address its first argument and argues that Max Health failed to allege that it conferred any benefit on Anthem when it provided medial services to patients. ECF No. 11 at 4.

4

Based on the complaint, it is unclear whether an "express, written contract" exists between Max Health and Anthem barring the unjust enrichment claim as a matter of law. *See LeasePartners Corp. v. Robert L. Brooks Tr. Dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev. 1997) ("An action based on a theory of unjust enrichment is not available when there is an express, written contract[.]"). However, assuming that an unjust enrichment claim is not barred, Max Health fails to plausibly allege a claim of unjust enrichment. "Unjust enrichment exists when the plaintiff confers a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit under circumstances such that it would be inequitable for him to retain the benefit without payment of the value thereof." *Certified Fire Prot. Inc. v. Precision Constr.*, 283 P.3d 250, 257 (Nev. 2012) (quotation and citations omitted). Max Health alleges that "Plaintiff conferred a benefit on Defendants by providing medical care to its insureds." ECF No. 1-1 at 4. However, the complaint is devoid of any facts demonstrating what specific benefit Max Health allegedly conferred onto Anthem. *See Sunrise Hosp. & Med. Ctr., LLC v. Ariz. Physicians IPA, Inc.*, 2018 U.S. Dist. LEXIS 116792, at *6–7 (D. Nev. July 13, 2018) (dismissing unjust enrichment claim when plaintiff asserted it conferred a benefit onto third parties who held insurance policies with defendant but did not assert that it conferred a benefit onto the defendant itself); *Valley Health Sys. LLC v. Aetna Health, Inc.*, 2016 U.S. Dist. LEXIS 83710, at *9–10 (D. Nev. June 28, 2016) (same). Therefore Max Health's unjust enrichment claim is dismissed for failure to state a claim. Because I find that amendment would not be futile as it is not clear whether there is a written contract, Max Health's unjust enrichment claim is dismissed without prejudice and with leave to amend.

### C. Max Health's breach of implied covenant of good faith and fair dealing claim must be dismissed.

Lastly, Anthem argues that Max Heath's claim for breach of implied covenant of good faith and fair dealing must be dismissed because the claim "fails to allege any breaching conduct other than the same alleged conduct that underlies Plaintiff's breach of contract claim." ECF No.

7 at 6. In response, Max Health writes, "[t]he complaint specifically sets forth the factual grounds upon which Max Health believes it is entitled to recover under a claim of breach of the covenant of good faith and fair dealing." ECF No. 10 at 4. Max Heath points specifically to the paragraph in the complaint where it alleges that Anthem "demanded multiple copies of the same billing and back up information," "unduly delaying the process and payment of the claims under the Contract," and "adding requirements for plaintiffs to get paid for services provided that are not part of the contract and not justified by the circumstances of the services provided by the insured." *Id.* at 4 (citing ECF No. 1-1 at 4). Anthem replies and argues that Max Health's complaint is conclusory at best and that the conduct Max Health relies on consists of the same conduct that Max Health attempts to allege in the breach of contract claim and unspecified "requirements" that Anthem allegedly imposed. ECF No. 11 at 4–5.

A contractual breach of the implied covenant of good faith and fair dealing occurs "[w]here the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract." *Stebbins v. Geico Ins. Agency*, 2019 U.S. Dist. LEXIS 9768, at *5 (D. Nev. Jan. 22, 2019) (citing *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 808 P.2d 919, 923–24 (Nev. 1991)). In its breach of contract claim, Max Health alleges that Anthem breached the contract by "failing to properly and promptly review and pay the claims of Plaintiff." ECF No. 1-1 at 3. In its breach of implied covenant of good faith and fair dealing, Max Health alleges that Anthem breached the covenant by "unduly delaying the processing and payment of the claims under the Contract." *Id.* at 4. These two claims are the same. A claim for breach of implied covenant of good faith and fair dealing requires the literal compliance with the contractual terms. *Stebbins*, 2019 U.S. Dist. LEXIS 9768, at 5. Max Health cannot simultaneously argue that Anthem breached the contract by delaying payments, and that Anthem complied with the contract but delayed payment so the spirit of contract was contravened. *Id.; see also Daly v. United Healthcare Ins. Co.*, 2010 U.S. Dist. LEXIS 116048, at *4 (N.D. Cal. Nov. 1, 2010) (discussing that a claim alleging breach of the implied covenants of good faith

and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim.). Insofar as the breach of implied covenant claim relies on payment under the contract, albeit delayed, it must fail. *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1253 (D. Nev. 2016) ("It is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim."). Further, the rest of Max Health's claim for the breach of implied covenant of good faith and fair dealing relies on Max Health's allegations that Anthem "demand[ed] multiple copies of the same billing and back up information" and "add[ed] requirements" for Max Health to get paid for services provided that are not part of the contract. ECF No. 1-1 at 4. Similar to the deficits with the breach of contract claim, I cannot discern what Anthem's obligations were under the contract, so I cannot discern whether its behavior deliberately contravened the purpose of the contract. Therefore Max Health's breach of implied covenant of good faith and fair dealing claim must be dismissed for failing to state a claim. Because I find that amendment would not be futile, Max Health's breach of implied covenant of good faith and fair dealing is dismissed without prejudice and with leave to amend.

## IV.  Conclusion

IT IS THEREFORE ORDERED that Anthem's motion to dismiss **[ECF No. 7] is GRANTED.**

IT IS FURTHER ORDERED that Max Health's complaint **[ECF No. 1-1] is dismissed without prejudice** and with leave to amend. If Max Health chooses to file an amended complaint curing the deficiencies of its complaint, it must do so by **February 28, 2025.**

Dated: January 30, 2025

_____
Cristina D. Silva
United States District Judge